SAMUEL, Judge
(concurring).
As is true of the other members of the panel, I am disturbed by the fact that the conclusion reached apparently is an inequitable result insofar as the general contractor, Poree, is concerned. It may be that in signing the stipulation on the reverse of Brierre’s check he intended only to hold Brierre harmless against claims other than the amount which may have been due the subcontractor, Houlemard. However, the record is devoid of any evidence whatsoever as to such an intention and we cannot change the agreement. As Brierre was liable to Poree for the full amount of the contract, when Poree signed and accepted the $376.95 check in “full satisfaction” of the contract he settled and compromised any claims he may have had thereunder and was required to protect Brierre from any claims or liens arising out of the contract, all in accordance with the unequivocal wording of the stipulation.
I respectfully concur.